**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 10-5191**

———————————

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

   v.

MICHAEL B. MARTISKO,

        Defendant – Appellant.

———————————

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg. Irene M. Keeley, District Judge. (1:07-cr-00104-IMK-JES-3)

———————————

Submitted: June 2, 2011         Decided: June 16, 2011

———————————

Before SHEDD and WYNN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Kristen Leddy, Research and Writing Specialist, Martinsburg, West Virginia; L. Richard Walker, Senior Litigator, Clarksburg, West Virginia, for Appellant. William J. Ihlenfeld, II, United States Attorney, Zelda E. Wesley, Assistant United States Attorney, Clarksburg, West Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael B. Martisko appeals the sixteen-month sentence imposed following the district court's revocation of supervised release. On appeal, Martisko contends that the district court imposed a plainly unreasonable sentence. Finding no error, we affirm.

The district court has broad discretion to impose a sentence upon revoking a defendant's supervised release. United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). Thus, we assume "a deferential appellate posture concerning issues of fact and the exercise of [that] discretion," United States v. Crudup, 461 F.3d 433, 439 (4th Cir. 2006) (internal quotation marks omitted), and will affirm unless the sentence is "plainly unreasonable" in light of the applicable 18 U.S.C. § 3553(a) (2006) factors. 461 F.3d at 437.

Our first step in reviewing a sentence imposed upon revocation of supervised release is to "decide whether the sentence is unreasonable." Id. at 438. In doing so, we "follow generally the procedural and substantive considerations" employed in reviewing original sentences. Id. A sentence is procedurally reasonable if the district court has considered the policy statements contained in Chapter 7 of the U.S. Sentencing Guidelines Manual and the applicable § 3553(a) factors, id. at 439, and has adequately explained the sentence chosen, though it

2

need not explain the sentence in as much detail as when imposing the original sentence. Thompson, 595 F.3d at 547. In some cases, "a district court's reasons for imposing a within-range sentence may be clear from context, including the court's statements to the defendant throughout the sentencing hearing." Id. (citation omitted). Unless the district court completely fails to indicate any reasons for its sentence, "[w]e may be hard-pressed to find any explanation for within-range, revocation sentences insufficient given the amount of deference we afford district courts when imposing these sentences." Id. A sentence is substantively reasonable if the district court states a proper basis for its imposition of a sentence up to the statutory maximum. Crudup, 461 F.3d at 440. If we determine that the sentence is not unreasonable, we will affirm. Id. at 439.

Our review of the record leads us to conclude that the revocation sentence is not unreasonable, let alone plainly so. Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3